UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER PETERSON,
Plaintiff,

v.

KAITLYN GROEZINGER, et al.,
Defendants.

Civil Action No. 2:25-cv-11801-MEF-AME

LETTER REGARDING ADS FILING/DOCKETING ISSUES, MARCH 3, 2026 CORRECTED LEGIBLE OPPOSITION PAPERS, AND JULY 9, 2026 MISSING DOCKETED PAGES

CHRISTOPHER PETERSON
Plaintiff Pro Se
Address on file with the Court
christopherpeterson847@gmail.com


July 12, 2026

Via ADS / Court Filing System

Hon. Michael E. Farbiarz, U.S.D.J.
Hon. Andre M. Espinosa, U.S.M.J.
United States District Court
District of New Jersey

Re: Peterson v. Groezinger, et al.
Civil Action No. 2:25-cv-11801-MEF-AME
ADS Filing/Processing Issues and Request for Docket Clarification/Safeguard


Dear Judge Farbiarz and Judge Espinosa:


I respectfully submit this letter to clarify several ADS filing and docketing issues that appear to have affected my pro se submissions in this matter, and to respectfully request a safeguard to prevent prejudice caused by ADS processing delays or docketing omissions.

First, I write to clarify the record regarding my compliance with the Court's March 2, 2026 Text Order directing me to submit corrected legible copies of opposition papers.

On March 3, 2026, at approximately 12:54 a.m., I submitted through the Court's ADS web form the following documents:

1.  Corrected Legible Copy of D.E. 72; **Exhibit A** and
2.  Corrected Legible Copy of D.E. 73. **Exhibit B**

Attached as **Exhibit C** is the ADS/web form confirmation email I received from the Court showing that the submission was made on Tuesday, March 3, 2026 at 00:54, and identifying the submitted documents as "Corrected Legible Copy of DE 72" and "Corrected Legible Copy of DE 73."

It appears from my review of the docket that those corrected legible copies may not have been entered onto the docket after they were submitted through ADS. I do not control whether or when a pro se ADS submission is processed and entered onto the docket after it is uploaded. I therefore respectfully submit this clarification so there is no misunderstanding that the absence of those corrected copies from the public docket was caused by any failure, delay, or noncompliance on my part.

Because I am a pro se litigant, I do not have CM/ECF filing privileges in the same manner as counsel. Counsel's electronic filings generally appear on the docket immediately upon filing, while my ADS submissions must be processed before they appear on the docket. That difference can create practical prejudice when a submission is timely uploaded through ADS but does not appear on the docket until later, or does not appear at all. In that situation, the docket may incorrectly appear to show that I failed to file something, even when I timely submitted it through ADS and received confirmation.

This is not merely a theoretical concern. In this case, there has already been at least one instance where I submitted a letter in opposition through ADS shortly after a defense request for an extension, but the Court ruled on the extension before my opposition appeared on the docket. My concern is not to assign fault, but to make clear that ADS processing delays can affect what the Court and counsel see on the docket at the time decisions are made.

I am also filing this letter in light of the Court's June 22, 2026 Text Order, which referenced avoiding unfair delay and compliance with deadlines. I respectfully want the record to be clear that I timely submitted the corrected legible copies through ADS on March 3, 2026.

On July 9, 2026, counsel for Defendant The Behaved Brain, LLC, Thomas E. Emala, Esq., emailed me stating: "Could you kindly send me a copy of the opposition papers that you filed in compliance with this Court's Text Order of March 2, 2026. I have not seen legible copies of those papers."

A copy of that email is attached as **Exhibit D.**

In response, and to avoid any possible prejudice or misunderstanding, I served counsel with the corrected legible copies, the ADS confirmation, and a copy of this letter. I am also serving this filing on all counsel of record.

Second, I respectfully write to clarify a separate docketing issue concerning my July 9, 2026 filing for leave to file a Second Amended Complaint. On July 9, 2026, I filed my motion for leave to file a Second Amended Complaint and its attachments. I also emailed complete file-stamped copies to all attorneys. However, the version of the Memorandum of Law that appears on the docket appears to be missing pages.

Specifically, the docketed Memorandum of Law appears to be missing pages 2 through 9, as well as pages 13, 17, and 18. Those pages were included in the complete file-stamped copies that I served by email on all counsel. To prevent any confusion or prejudice, I am attaching the missing pages to this letter as **Exhibit E.**

I respectfully request that the Clerk's Office and/or the Court correct the docketed version of the Memorandum of Law, if appropriate, or otherwise note that the missing pages were part of my July 9, 2026 filing and have now been provided with this letter. In the alternative, I respectfully request permission to resubmit the complete Memorandum of Law so the docket contains one complete version.

Finally, because these issues involve ADS processing and docketing matters outside of my control, I respectfully request a practical safeguard going forward. I respectfully ask that, before ruling on any non-emergent request, letter, motion, extension request, or procedural application filed by counsel that could affect my rights, deadlines, ability to respond, or the status of my filings, the Court allow me a reasonable opportunity to respond consistent with the rules and any Court-ordered deadlines, and take into account that my ADS submissions may not appear on the docket immediately after submission.

I am not asking for special treatment or delay. I am asking only that the Court recognize the practical difference between counsel's immediate CM/ECF docketing and my ADS submissions, which require processing before they appear on the docket. Without such a safeguard, a timely pro se ADS filing may not be visible to the Court or counsel when a

decision is made, creating the mistaken impression that I failed to respond or failed to comply.

I respectfully request that any failure of the March 3, 2026 corrected legible copies, or any portion of my July 9, 2026 filing, to appear properly on the docket not be treated as a failure by Plaintiff to comply with the Court's Orders, or as any delay caused by Plaintiff.

This letter is not intended to reargue any pending motion or to seek reconsideration of any ruling. It is submitted only to clarify the docket, preserve the record of my timely ADS submissions, and prevent an inaccurate impression that I failed to comply with Court orders or filing deadlines.

Respectfully submitted,

Christopher Peterson
Plaintiff Pro Se
Address on file with the Court
christopherpeterson847@gmail.com

## CERTIFICATION OF SERVICE

I, Christopher Peterson, certify that on July ___, 2026, I served a copy of this letter and all attachments by email on all counsel of record using the email addresses available on the electronic docket for this case.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Christopher Peterson
Plaintiff Pro Se
Address on file with the Court
christopherpeterson847@gmail.com

EXHIBITS

Exhibit A — Corrected Legible Copy of D.E. 72, submitted through ADS on March 3, 2026.

Exhibit B — Corrected Legible Copy of D.E. 73, submitted through ADS on March 3, 2026.

Exhibit C — ADS/web form confirmation email showing that the submission was made on Tuesday, March 3, 2026 at 00:54, and identifying the submitted documents as "Corrected Legible Copy of DE 72" and "Corrected Legible Copy of DE 73."

Exhibit D — July 9, 2026 email from Thomas E. Emala, Esq., counsel for Defendant The Behaved Brain, LLC, requesting copies of the opposition papers filed in compliance with the Court's March 2, 2026 Text Order.

Exhibit E — Missing pages from Plaintiff's July 9, 2026 Memorandum of Law in Support of Motion for Leave to File Second Amended Complaint, specifically pages 2 through 9, 13, 17, and 18.