II. THE PROPOSED AMENDMENT IS NOT SOUGHT IN BAD FAITH AND WILL NOT CAUSE UNDUE PREJUDICE …………………………………………………………………11

III. SUPPLEMENTAL ALLEGATIONS ARE APPROPRIATE UNDER RULE 15(d) …………………………………………………………………12

IV. THE PROPOSED SECOND AMENDED COMPLAINT IS NOT FACIALLY FUTILE AT THE LEAVE-TO-AMEND STAGE ………………………………………………… 13

A. The malicious-prosecution allegations are plausibly pleaded …………………………………………………………14

B. The records-disclosure and due-process allegations are plausibly pleaded …………………………………………………………15

C. The Oakland First and Fourth Amendment allegations are plausibly pleaded …………………………………………………………16

D. The Monell allegations are plausibly pleaded for purposes of amendment …………………………………………………………16

E. The Behaved Brain allegations are narrowed and plausibly pleaded …………………………………………………………17

F. The prospective-relief claim against Morante is properly limited …………………………………………………………18

G. The service-of-process allegations are proper supplemental allegations …………………………………………………………19

V. PLAINTIFF HAS COMPLIED WITH LOCAL CIVIL RULE 15.1 …………………………………………………………19

VI. LEAVE TO AMEND WILL PROMOTE CLARITY AND JUDICIAL EFFICIENCY …………………………………………………………20

CONCLUSION …………………………………………………………21

## TABLE OF AUTHORITIES

Cases

Arthur v. Maersk, Inc.,
434 F.3d 196 (3d Cir. 2006)
.................................................................9

Foman v. Davis,
371 U.S. 178 (1962)
.................................................................8

Grayson v. Mayview State Hosp.,
293 F.3d 103 (3d Cir. 2002)
.................................................................9

Shane v. Fauver,
213 F.3d 113 (3d Cir. 2000)
.................................................................9

Rules

Federal Rule of Civil Procedure 15(a)(2)
.................................................................4,8,10

Federal Rule of Civil Procedure 15(d)
.................................................................4,9,12,13,19

Local Civil Rule 15.1
.................................................................5,8,9,19

## PRELIMINARY STATEMENT

Plaintiff Christopher Peterson respectfully submits this memorandum of law in support of his motion for leave to file the Proposed Second Amended Complaint and Jury Demand.

Leave should be granted under Federal Rule of Civil Procedure 15(a)(2), which provides that courts should freely give leave to amend when justice so requires. To the extent any allegations concern events occurring after the filing of the prior pleading, leave is also appropriate under Federal Rule of Civil Procedure 15(d).

The Proposed Second Amended Complaint substantially narrows, clarifies, reorganizes, and supplements the prior pleading. It does not seek review, reversal, modification, supervision, or enforcement of any state-court custody order, restraining order, parenting-time order, criminal-court order, evidentiary ruling, venue ruling, or family-court ruling. Instead, it seeks damages and appropriate prospective relief for Defendants' alleged independent conduct, including misuse of law-enforcement authority, improper disclosure and use of sensitive records, materially false or misleading allegations, unlawful detention, interference with protected recording activity, interference with lawful federal service of process, and ongoing judicial-security classifications allegedly imposed without notice or an opportunity to be heard.

The proposed amendment is not sought for delay, harassment, or bad faith. The case remains at the pleading stage as to the claims Plaintiff seeks to clarify, and the amendment is intended to cure pleading issues, conform the pleading to later-

discovered facts, remove or narrow theories, and present the claims in a clearer and more organized manner.

Plaintiff has complied with Local Civil Rule 15.1 by attaching the clean proposed pleading and a marked/redline version showing changes from the prior Amended Complaint. Plaintiff also submits a comparison chart to assist the Court because the proposed pleading substantially reorganizes and rewrites the prior pleading.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the Proposed Second Amended Complaint.

PROCEDURAL AND FACTUAL BACKGROUND RELEVANT TO AMENDMENT

Plaintiff previously filed an Amended Complaint. Defendants moved to dismiss. Following the Court's dismissal order and the Court's direction permitting Plaintiff to seek leave to amend, Plaintiff prepared the Proposed Second Amended Complaint attached as Exhibit A.

The Proposed Second Amended Complaint differs from the prior pleading in several important ways.

First, it expressly states that Plaintiff is not seeking review, reversal, modification, enforcement, or supervision of any state-court custody order, restraining order, parenting-time order, criminal-court order, evidentiary ruling, venue ruling, or family-court ruling.

Second, it narrows the claims against private defendants by clarifying that Plaintiff is not suing merely because a private person complained, retained counsel, advocated in court, asserted confidentiality objections, or participated in ordinary litigation. Instead, Plaintiff alleges liability only for extra-judicial, non-privileged, or joint-action conduct, including the alleged knowing use of false or misleading factual allegations, non-public law-enforcement information, police-records channels, and state enforcement mechanisms.

Third, it adds and clarifies allegations concerning Groezinger's September 16, 2022 recorded interview with the Bergen County Prosecutor's Office, the recorded custody exchanges, the superseding indictment, and Plaintiff's allegation that the custody-exchange recordings contradicted the factual narrative used to support additional criminal charges.

Fourth, it adds and clarifies allegations concerning the June 5, 2025 Oakland police encounter, including Plaintiff's allegation that an unverified car-seat allegation shifted into a recording/FRO enforcement theory despite Oakland's prior

documented notice that similar recording conduct did not constitute probable cause for a restraining-order violation.

Fifth, it adds and clarifies allegations concerning the alleged release, use, possession, transmission, and later reliance on Waldwick, Ramsey, Hawthorne, juvenile or juvenile-related, sealed, expunged, confidential, or non-public law-enforcement records.

Sixth, it adds and clarifies allegations concerning the alleged Ramsey juvenile-records disclosure, including municipal records channels, the Borough Clerk/records custodian, police-chief approval, later transmission of records to Dr. Marc Tarle, and Plaintiff's later discovery of those materials.

Seventh, it adds and clarifies allegations concerning The Behaved Brain, LLC, including alleged extra-judicial police reports, police-security requests, threatened affidavits, and disputed safety accusations.

Eighth, it adds and clarifies allegations concerning ongoing judicial-security classifications, JSMART-related threat-risk information, courthouse-security alerts, and the alleged lack of notice or opportunity to contest any ongoing classification.

Ninth, it adds allegations concerning alleged interference with lawful federal service of process after this federal action was filed, including allegations against Officer Bernhard and Sergeant Christopher Sanchez.

Plaintiff submits **Exhibit A** as the clean Proposed Second Amended Complaint, **Exhibit B** as the marked/redline version required by Local Civil Rule 15.1, **Exhibit C** as a comparison chart summarizing the major amendments, and **Exhibit D** as the signed Certification of Process Server Jyll Jakes.

LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, outside amendments as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "the court should freely give leave when justice so requires."

The Supreme Court has explained that leave to amend should be freely granted absent reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Third Circuit has repeatedly recognized the liberal standard governing motions to amend. Prejudice to the non-moving party is the touchstone for denial of leave to amend. Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Delay alone is generally insufficient to deny leave; the delay must be undue and must place an unfair burden on the court or opposing party. Id.

When amendment is sought to cure pleading deficiencies, leave should generally be granted unless amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Futility means that the amended pleading would fail to state a claim upon which relief could be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

Federal Rule of Civil Procedure 15(d) also permits a court, on just terms, to allow a party to serve a supplemental pleading setting out transactions, occurrences, or events that happened after the date of the pleading to be supplemented.

Local Civil Rule 15.1 requires a party seeking leave to amend to attach the proposed amended pleading and identify the proposed changes by striking through or bracketing material to be deleted and underlining material to be added. Plaintiff has complied by submitting the clean Proposed Second Amended Complaint as Exhibit A and a marked/redline version as Exhibit B. Plaintiff also submits Exhibit C to assist the Court because the Proposed Second Amended Complaint is

Rule 15(d) permits supplementation where later events are related to the claims and controversy. The service-of-process allegations are related because Plaintiff alleges that law-enforcement authority was used to interfere with or chill lawful litigation activity in this case.

The Proposed Second Amended Complaint also clarifies continuing injury allegations, including alleged ongoing use or dissemination of records and alleged ongoing judicial-security classifications. These allegations help explain why prospective relief is sought and why later-discovered or ongoing conduct remains relevant.

## IV. THE PROPOSED SECOND AMENDED COMPLAINT IS NOT FUTILE AT THE LEAVE-TO-AMEND STAGE.

Futility requires more than disagreement with the merits. The Proposed Second Amended Complaint pleads factual allegations that, if accepted as true at the pleading stage, state plausible claims for relief.

The Proposed Second Amended Complaint expressly avoids asking this Court to review, reverse, modify, supervise, or invalidate any state-court order. Plaintiff does not ask the Court to decide custody, parenting time, best interests, domestic

As to Waldwick, Plaintiff alleges deficient policies or practices regarding sensitive records, law-enforcement relationships, motor-vehicle or registration-information access, trespass warnings, police directives, and interference with lawful federal service of process.

As to Ramsey, Plaintiff alleges deficient policies or practices regarding OPRA processing, police-chief approval, juvenile-record confidentiality, redaction, legal review, and release of juvenile or juvenile-related law-enforcement records.

As to Oakland, Plaintiff alleges deficient policies or practices regarding police involvement in custody exchanges, verification of accusations before detention, and the public's right to record police activity.

At the pleading stage, these allegations are sufficient to support amendment.

**E. The Behaved Brain allegations are narrowed and plausibly pleaded.**

The Proposed Second Amended Complaint does not sue Behaved Brain for merely complying with a subpoena, obeying a court order, asserting confidentiality, directing Plaintiff to counsel, or refusing to release records pursuant to a court order.

Instead, the proposed pleading alleges extra-judicial conduct, including materially false or misleading factual reports to police, police-security requests, extra-patrol requests,

Page 17 of 21

threatened staff affidavits, and safety accusations contradicted by recordings and later police review.

The pleading also alleges coordination with other defendants or John Does and alleges that the disputed danger narrative was used to cause state involvement and restrict Plaintiff's parental participation before neutral evidentiary testing occurred. These narrowed allegations are sufficient to allow amendment.

**F.** The prospective-relief claim against Morante is properly limited.

The Proposed Second Amended Complaint sues Robin Morante in her official capacity only and seeks prospective declaratory and injunctive relief concerning any ongoing court-security designation, JSMART-related threat-risk information, courthouse-security alert, or similar classification affecting Plaintiff.

Plaintiff does not seek damages from Morante and does not seek relief against judges for judicial rulings. The claim is limited to alleged ongoing classification, dissemination, lack of notice, lack of opportunity to contest, and prospective relief. This limitation addresses sovereign-immunity and judicial-immunity concerns by focusing on prospective relief for alleged ongoing constitutional violations.