# EXHIBIT A

RECEIVED
MAR - 5 2020
Municipal Clerk's Office
Borough of Waldwick

INITIAL TORT CLAIMS NOTICE

NOTICE FILED BY: GEIST LAW LLC
JARED A. GEIST, ESQ.
25 Main Street SUITE 203
Court Plaza North
Hackensack, NJ 07601
(201) 870 1488

NOTICE FILED TO: BOROUGH OF WALDWICK
Administration Building
63 Franklin Turnpike
Waldwick, NJ 07463

PLEASE TAKE NOTICE that C.P.(hereinafter referred to as "Claimant") residing at (REDACTED due to victim status) Borough of Waldwick, County of Bergen and State of New Jersey, hereby makes claim against the Borough of Waldwick, and their agents and employees pursuant to the requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

Claimant requests that all inquiries and/or notices concerning this claim be made through claimant's attorney, Jared A. Geist, Esq., 25 Main Street Suite 203, Hackensack, New Jersey 07601. Telephone number (201) 870 1488.

This claim stems from an incident involving a violation of Claimant's privacy rights regarding the release of records under New Jersey Open Public Records Act that should not have been released as a matter of law. As a result of the palpably unreasonable and negligent conduct of the Borough of Waldwick, Claimant has suffered unliquidated damages. Claimant's injuries

were due to the negligent and reckless conduct of the Borough of Waldwick and its employees and agents.

As a result of the negligence and improper conduct of the Borough of Waldwick, claimant sustained serious emotional distress and injuries for which he is currently undergoing treatment in regard to and that are presently unliquidated in nature. Claimant demands damages in the amount of not less than ONE MILLION DOLLARS ($1,000.000.00). Damages include but are not limited to compensation for the pain and suffering endured, compensation for permanent emotional and pyschological injuries, for time lost with his daughter, and for legal fees.

I certify that the foregoing statements are true to the best of my knowledge and I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

GEIST LAW LLC

By: ______________________
JARED A. GEIST, ESQ

Dated: March 3, 2020

# EXHIBIT B

Borough of Waldwick
Administration Building
63 Franklin Turnpike
Waldwick, New Jersey 07463

Request for Access to Government Records

Please fill in all appropriate information requested and mail to the above address or email to: khalewicz@waldwicknj.org. Once received, your request will be forwarded to the appropriate department and you will be notified within seven business days. Copies requested will be charged in accordance with the attached fee schedule.

Date Received ____________ Date of Response ____________

Name Bryan Gurney Daytime Telephone Number 201-954-1198

eMail chiefgurney@gmail.com

Company Name ____________

Address 14 Elm Pl., Ramsey, NJ 07446

Information Requested:

( ) **Copy of Minutes** (specify board or entity, date topic or other identifying information)

( ) **Copy of Ordinance or Resolution** (specify date, number or other identifying information)

( ) **Information on a Specific Property** Address: ____________

Block ________ Lot ________

Additional property information, please attach list:

( ) **Property Record Card**

( X ) **Other** (specify) ____________

*Police Report from [redacted] reporting a Domestic Violence Incident on or about September 17, 2019.

*A Police report from [redacted] reporting a Domestic Violence incident on or about September 17, 2019.

*Any other Police report emanating from either party, Groezinger or Peterson at that address.

A request for access to or for a copy of Government Records should be submitted on this form which has been adopted by the Municipal Clerk as the Custodian of Records. Some records will be immediately available during normal business hours. Some records will require time to compile and to make the copies requested, but will normally be available during business hours and within 7 business days. If any document or copy which has been requested is not a public record or cannot be provided within the 7 business days, you will be provided with a response with that information within the 7 business days. Some records requested have specific fees and other response times established by statute. There is no fee involved in simply inspecting a document during normal business hours. This request may be filed electronically. In general:

Immediate access is ordinarily available for the budgets, bills, vouchers, contracts, including collective negotiations, agreements and individual employment contracts, and public employee salary and overtime information. Minutes of public meetings will be generally available after the minutes have been approved.

Records which are not readily available or which will require a search of records will be made available as soon as possible and the applicant will be provided with an I interim report within 7 business days indicating the time which will be required to provide the records.

Except as otherwise provided by law or regulation, the fee assessed for the duplication of a printed record shall be: $.05 per page for 8-1/2 x11 copies, $.07 per page for 8-1/2 x 14 copies; for a police accident report there is an additional fee when the request is not made in person of $5.00 for the first 3 pages and $1.00 for each additional page, as provided by N.J.S.A. 39:4-131.

When a request is a copy in a format other than a photocopy, reasonable efforts will be made to provide the information in the format requested. The cost will be based on the cost of producing the format requested.

Where a legal determination must be made as to whether records are "public records" as provided by law, the request will be reviewed by the Municipal Attorney.

The term "public record" generally includes those records determined to be public in accordance with N.J.S.A. 47:1A-1. The term does not include employee personnel files, police investigation records, public assistance files or other matters in which there is a right of privacy or confidentiality or inter-agency or intra-agency advisory, consultative, or deliberative material or other material which is specifically exempted by law.

The Applicant hereby acknowledges receipt of a copy of this form with the date on which the information is expected to be available and the estimated cost. The applicant hereby certifies that he or she has not been convicted of any indictable offense under the law of this State, any other State of the United States and is not seeking government records containing personal information pertaining to the victim or the victim's family as provided by N.J.S.A. 47:1A-1 et seq.

This form, when signed by the municipal official shall constitute a receipt for any deposit required.

The information requested will be ready on ____________________

Estimated number of pages ____________________

Estimated cost ____________________

Deposit (required when the anticipated cost of reproduction exceeds $5.00) ____________________

| | | | |
|---|---|---|---|
| Bryan Gurney | 12-19-19 | [signature] #26 | 12/19/2019 |
| Applicant | Date | Municipal Official | Date |

F:\Home\CLERKS\FORMS\OPRA Request.docx

# EXHIBIT C

# RECORDS EXPUNGED

# EXHIBIT D

# Oakland Police Department

**295 Ramapo Valley Road, Oakland, NJ 07436**
**Phone: 201-337-6171 Fax: 201-337-5802 Mun. Code: 0242**

## Operations Report

**Incident Details:**

| Case Number | Time Reported | Date Reported | Time Occurred | Date Occurred | Occurrence Between Date / Time of | Time Occurred | Date Occurred | 911 | Completed |
|---|---|---|---|---|---|---|---|---|---|
| 25-02631 | 18:19 | 06/05/25 | 16:45 | 06/01/25 | | | | | X |

**Incident Type:**

Child Custody Exchange
Child Custody Dispute

**Incident Location:**

| Street # | Street Name | Intersection / Cross Street of: |
|---|---|---|
| 295 | Ramapo Valley Road | |

Business / Common Location Name: Oakland Police Department

**Contact Information:** Victim Suspect Complainant Witness Driver Arrest Patient Missing Business Other

| Code | Contact Name | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| C | Contact Name #1 [redacted] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: [redacted] |
| S | Contact Name #2 [redacted] | | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: [redacted] |
| W | Contact Name #3 [redacted] Juvenile | | | [redacted] | [redacted] | [redacted] | [redacted] | |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: |
| W | Contact Name #4 [redacted] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: |

**Property Information:**

| | Currency | Jewelry | Furs | Clothing | Auto | Misc. | Total |
|---|---|---|---|---|---|---|---|
| Value of Stolen Property | | | | | | | |
| Value of Stolen Property Recovered | | | | | | | |

**Automobile Information:**

| | Vehicle Code | Year | Make | Body Type | Color | Registration | State | VIN |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |

**Narrative:**

On June 5, 2025 at approximately 1819 hours, I was dispatched to Oakland Police HQ for a walk-in report concerning a child custody exchange. Upon my arrival, I found [redacted] already in the process of completing a statement form. In said form, [redacted] indicated that on June 1,during a child custody exchange with her child's father, [redacted], and his girlfriend, [redacted], she witnessed her son [redacted] exiting the rear of [redacted] vehicle which did not contain a child's car restraint of any kind. She confirmed afterwards with her son that he was not utilizing a child restraint. [redacted] also alleged that [redacted] was recording her on her cellphone which violated an amendment to [redacted] FRO filed against [redacted] ***Page 2***

| Officer of Record: | Date: | Other Reports Filed: | Reviewed By: |
|---|---|---|---|
| P.O. John Gordon 98 | 06/05/25 | MVA SHA, Arrest Prop., DV Video, DWI BWC X, DWIQ Prst, Tow Supp X, SD Juv, CI Bias, TRO Pris | 76 |

# Oakland Police Department

295 Ramapo Valley Road, Oakland, NJ 07436
Phone: 201-337-6171 Fax: 201-337-5802 Mun. Code: 0242

## Operations Report

| Narrative Continued (Page 2) | Case Number 25-02631 |
| --- | --- |

Sgt. Harvey and I began reviewing [redacted] FRO with her and informed her we would need to contact an Assistant Prosecutor to clarify the language of her FRO. Prior to doing this, [redacted] stated she had to return to her vehicle in the parking lot of the Oakland Police Station so she could be ready for the shortly anticipated arrival of [redacted] and [redacted] with her child for the custody exchange. This then coincided with the conclusion of my shift and the incident was passed onto Officer Lopez who had just arrived for the beginning of his shift.

Statement Form Completed.

| Officer of Record: | Date: |
| --- | --- |
| P.O. John Gordon 98 | 06/05/25 |

# Oakland Police Department

295 Ramapo Valley Road, Oakland, NJ 07436
Phone: 201-337-6171 Fax: 201-337-5802 Mun. Code: 0242

## Supplemental Investigation Report

**Incident Details:**

| Case Number | Time Reported | Date Reported | Time Occurred | Date Occurred | Occurrence Between Date / Time of | Time Occurred | Date Occurred | 911 | Completed |
|---|---|---|---|---|---|---|---|---|---|
| 25-02631A | 18:19 | 06/05/25 | 18:45 | 06/05/25 | | | | | X |

**Incident Type:** Investigation Follow-Up

**Incident Location:**

| Street # | Street Name | Intersection / Cross Street of: |
|---|---|---|
| 295 | Ramapo Valley Road | |

Business / Common Location Name: Oakland Police Department

**Contact Information:** Victim Suspect Complainant Witness Driver Arrest Patient Missing Business Other

| Code | Contact Name | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| W | [redacted] | | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: [redacted] |
| W | [redacted] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: |
| C | [redacted] | [redacted] | | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: [redacted] |
| | | | | | | | | |
| Address: | | | | | | Home Phone: | | Cell Phone: |

**Property Information:**

| | Currency | Jewelry | Furs | Clothing | Auto | Misc. | Total |
|---|---|---|---|---|---|---|---|
| Value of Stolen Property | | | | | | | |
| Value of Stolen Property Recovered | | | | | | | |

**Automobile Information:**

| | Vehicle Code | Year | Make | Body Type | Color | Registration | State | VIN |
|---|---|---|---|---|---|---|---|---|
| 1 | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |

**Narrative:**

On 06/05/2025 at 18:45 hrs, Sgt Harvey, P.O. Lyons, Anderson, and I all responded to the court lot after receiving a complaint regarding a child custody exchange. The comp, who P.O. Gordon spoke with prior to our arrival, stated that the father of her child, [redacted], had arrived for a previous child custody exchange and alleged that her son [redacted] had been driven in a vehicle without being properly secured by the appropriate child safety seat. The comp also alleged that as per the FRO (final restraining order) she has against [redacted], that she cannot be filmed by [redacted] nor another party on his behalf. The only filming of the child custody exchange that can occur is via a vehicle mounted dash cam.

**SEE PAGE 2**

| Officer of Record: | Date: | Other Reports Filed: | Reviewed By: |
|---|---|---|---|
| P.O. Matthew Lopez 92 | 06/05/25 | MVA SHA, Arrest Prop., DV Video, DWI BWC X, DWIQ Prst, Tow Supp X, SD Juv, CI Bias, TRO Pris | 76 |

**Oakland Police Department**
295 Ramapo Valley Road, Oakland, NJ 07436
Phone: 201-337-6171 Fax: 201-337-5802 Mun. Code: 0242

# Supplemental Investigation Report

| Narrative Continued (Page 2) | Case Number 25-02631A |
|---|---|

Upon [redacted] arrival to the court lot, P.O. Anderson, Sgt Harvey, and I observed the vehicle bearing [redacted] enter the court lot and the driver, later identified as [redacted] the registered owner, park the vehicle for the child custody exchange and begin filming with her cell phone in hand. This was also observed by the other officers on scene and via body cam. Upon completion of the child custody exchange I then made contact with [redacted] to ascertain if the vehicle he arrived in had the proper child safety seat. [redacted] immediately became irate and began filming us stating we had no right to search his vehicle. I re affirmed to [redacted] that we are not searching his vehicle but merely needed to check if the vehicle contained the proper child safety restraint for his son as we had received the complaint.

At this point Sgt Harvey stepped in and began speaking with [redacted] Both Officer Anderson and I observed the rear of the vehicle in plain view, the rear windows were partially tinted and slightly obscured the overall view into the rear seat of the vehicle. I did however observe another female child, of unknown age and/or pedigree information, in the back seat with only the adult seat belt secured. I observed no other child safety restraint/booster in the vehicle and neither did P.O. Anderson.

[redacted] became increasingly agitated and was berating and using foul language at us through out the entire interaction even as Sgt Harvey and I attempted to explain standard operating procedures to him. At a certain point, [redacted] instructed [redacted] to drive away, which she did. [redacted] then proceeded to walk away from us towards police HQ loudly requesting that we arrest him and that we (all officers present) were all going to be sued/or involved in a federal lawsuit.

Sgt Harvey, P.O. Lyons, Anderson, and I all proceeded inside to the lobby of police HQ. P.O. Anderson & P.O. Lyons stayed in the lobby with [redacted] while Sgt Harvey and I attempted to contact an on-call Assistant Prosecutor to verify the verbiage of the FRO. Due to the delay in speaking with the Assistant Prosecutor and [redacted] increased agitation and antagonism, Sgt Harvey informed [redacted] that he was free to leave. He was advised that the possible FRO violation would continue to be investigated. [redacted] was not pleased with our services, kept interrupting Sgt Harvey and I and upon finishing speaking with him [redacted] stated that I should " shut the fuck up pussy faggot". Upon completion of the report I returned to patrol.

| Officer of Record: | Date: |
|---|---|
| P.O. Matthew Lopez 92 | 06/05/25 |

# Oakland Police Department

295 Ramapo Valley Road, Oakland, NJ 07436
Phone: 201-337-6171 Fax: 201-337-5802 Mun. Code: 0242

## Supplemental Investigation Report

**Incident Details:**

| Case Number | Time Reported | Date Reported | Time Occurred | Date Occurred | Occurrence Between Date / Time of | Time Occurred | Date Occurred | 911 | Completed |
|---|---|---|---|---|---|---|---|---|---|
| 25-02631B | 18:19 | 06/05/25 | 18:45 | 06/05/25 | | | | | X |

| Incident Type: | Incident Location: | |
|---|---|---|
| Investigation Follow-Up | Street # / Street Name: 295 Ramapo Valley Road | Intersection / Cross Street of: |
| | Business / Common Location Name: Oakland Police Department | |

**Contact Information:** Victim Suspect Complainant Witness Driver Arrest Patient Missing Business Other

| Code | Contact Name # | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| C | [redacted] | | | | | | | |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: |
| S | [redacted] | | | | | | | |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: |
| W | [redacted] | | | | | | | |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: |
| W | [redacted] | | | | | | | |
| Address: [redacted] | | | | | | Home Phone: | | Cell Phone: |

**Property Information:**

| | Currency | Jewelry | Furs | Clothing | Auto | Misc. | Total |
|---|---|---|---|---|---|---|---|
| Value of Stolen Property | | | | | | | |
| Value of Stolen Property Recovered | | | | | | | |

**Automobile Information:**

| | Vehicle Code | Year | Make | Body Type | Color | Registration | State | VIN |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |

**Narrative:**

On June 6, 2025, I conducted a follow-up investigation into the alleged FRO violation that occurred the previous evening during a court mandated child-custody exchange at Oakland Police HQ. (see initial IRs) Contact was made with [redacted] and the alleged FRO violation was explained. A determination was made that a violation did not occur because "party" was construed as being specific to the plaintiff and defendant of the FRO. Officer's advised me that [redacted] had admitted to recording but stated it was not on behalf of [redacted] I then contacted [redacted] and explained the outcome to her. She was satisfied with our investigation and would be speaking with her attorney to possibly amend the FRO.

| Officer of Record: | Date: | Other Reports Filed: | Reviewed By: |
|---|---|---|---|
| Lt. Stephen Broek 76 | 06/05/25 | MVA SHA, Arrest Prop., DV Video, DWI UOF, DWIQ Prst, Tow Supp X, SD Juv, CI Bias, TRO Pris | 76 |

# EXHIBIT E

MARK MUSELLA
Bergen County Prosecutor

# Office of the County Prosecutor

## County of Bergen

Two Bergen County Plaza
Hackensack, New Jersey 07601

(201) 646-2300

HEATHER SUFFIN
First Assistant Prosecutor

THOMAS MCGUIRE
Executive Assistant Prosecutor

BRANDY MALFITANO
Deputy First Assistant Prosecutor

MATTHEW FINCK
Chief of Detectives

August 29, 2025

Christopher Petersen
23 Red Twig Trail
Bloomingdale, New Jersey 07403

Re: Internal Affairs Complaint

Dear Mr. Petersen:

The Bergen County Prosecutor's Office (BCPO) Confidential Investigations Unit (CIU) is in receipt of your complaint against Oakland Police Department Chief Timothy Keenan and Captain Michael O'Neill alleging that they failed to train their officers in search and seizure and constitutional rights. This complaint was forwarded to BCPO CIU in compliance with Section 5.1.8 of the New Jersey Attorney General's Internal Affairs Policy & Procedures (IAPP).

Our review has yielded no evidence that Captain Keenan and/or Chief O'Neill failed to train their officers as alleged in your complaint. Additionally, your underlying complaint arising from this incident has been reviewed for criminality by BCPO CIU pursuant to IAPP 6.3.2 and referred to Oakland PD for administrative review. BCPO is not conducting any additional criminal or administrative investigation into these allegations, and our file is closed.

Very truly yours,

MARK MUSELLA
BERGEN COUNTY PROSECUTOR

By: ______________________
Joseph A. Perez, Jr.
Assistant Prosecutor
Chief, Confidential Investigations Unit

c. Lt. Stephen Broek, Oakland PD

# EXHIBIT F

# Waldwick Police Department

**15 Prospect Street, Waldwick, NJ 07463**
**Phone: 201-652-5700 Fax: 201-652-7638 Mun. Code: 0264**

## Incident Report

**Incident Details:**

| Case Number | Time Reported | Date Reported | Time Occurred | Date Occurred | Occurrence Between Date / Time of | Time Occurred | Date Occurred | 911 | Completed |
|---|---|---|---|---|---|---|---|---|---|
| 25-09200 | 19:42 | 08/19/25 | 19:42 | 08/19/25 | | | | | X |

| Incident Type: | Incident Location: |
|---|---|
| Suspicious Person<br>Police Information | Street # Street Name: [redacted]<br>Apt #:<br>Intersection / Cross Street of:<br>Business / Common Location Name: |

**Contact Information:** Victim Suspect Complainant Witness Driver Arrest Passenger Missing Involved Other

| Code | Contact Name | MI | Suffix | Age | Sex | Race | DOB | SSN |
|---|---|---|---|---|---|---|---|---|
| C | #1 [redacted] | | | | | | | |
| | Address: [redacted] | | | | | Email Address / | | Phone: [redacted] |
| Z1 | #2 [redacted] | | | | | | | |
| | Address: [redacted] | | | | | Email Address / Phone | | Phone: [redacted] |
| O | #3 [redacted] | | | | | | | |
| | Address: [redacted] | | | | | Email Address / Phone | | Phone: [redacted] |
| | #4 | | | | | | | |
| | Address | | | | | Email Address / Phone | | Phone |
| | #5 | | | | | | | |
| | Address | | | | | Email Address / Phone | | Phone |
| | #6 | | | | | | | |
| | Address | | | | | Email Address / | | Phone |
| | #7 | | | | | | | |
| | Address | | | | | Email Address / Phone | | Phone |
| | #8 | | | | | | | |
| | Address | | | | | Email Address / Phone | | Phone |

**Property Information:**

| Value of Stolen Property | Currency | Jewelry | Furs | Clothing | Auto | Misc. | Total |
|---|---|---|---|---|---|---|---|
| Property Recovered | | | | | | | |

**Automobile Information:**

| | Vehicle Code | Year | Make | Body Type | Model | Color | Registration | State | VIN |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Veh. 1 | 12 | Chevrolet | WAGON | TAH | Blac | [redacted] | | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |

| Officer of Record: | Date: | Reviewed By: | Case #: | Page 1 |
|---|---|---|---|---|
| P.O. Peter Bernhard 61 | 08/19/25 | aloprinzi | 25-09200 | |

# Waldwick Police Department

15 Prospect Street, Waldwick, NJ 07463
Phone: 201-652-5700 Fax: 201-652-7638 Mun. Code: 0264

## Incident Report

Sgt. LoPrinzi and I responded to [redacted] for a report of an unwanted female party at the residence. As we were en route, we were advised by dispatch that the female party had gotten into [redacted] and left the area. We arrived and spoke with the complainant, [redacted] who stated that a female party was at her residence, requesting to speak with her. [redacted] stated that only her boyfriend made contact with this female and when told to leave, the female party stated that she had a legal obligation to be on the property. [redacted] stated that this female party was the same person who she had seen on 8/7/25 (See CAD #25-08815) who had left court paperwork on her doorstep. [redacted] stated that she feared for her safety as she has a FRO against the plaintiff in the court paperwork and has a confidential address and was unsure who this female party was or how she knew where she lived [redacted] also stated that after the previous incident, the address confidentiality program manager sent a letter to the superior court requesting that her address not be listed, as she was currently in an address confidentiality program for domestic violence victims. The attorney listed on the court paperwork, [redacted], was also sent a copy of the letter. This letter was uploaded to digital media. Sgt. LoPrinzi and I advised [redacted] that we would place this information on file and would look into the provided license plate number.

At headquarters, it was determined that the registered owner for the above vehicle was [redacted] out of Atlantic Highlands, New Jersey. Using a phone number provided by the Atlantic Highlands Police Department, I made contact with [redacted] who stated that he had loaned the vehicle to a friend for the day and provided me with her phone number. I made contact with the operator and female party in question, [redacted] advised me that she is a freelance paralegal process server whose job is to serve individuals with court ordered or legal paperwork. [redacted] stated that she was hired by a private attorney [redacted] who represents [redacted] stated that she received all pertinent information from [redacted] and was only on the property to get acknowledgment that the paperwork had been served.

I advised [redacted] to not return back to the residence to which she understood and to contact this department if she should have any questions. It is to be noted that at no point during the conversation with [redacted] was [redacted] name mentioned, or acknowledgment made of [redacted] living at [redacted] Further, it was determined that no FRO violations had occurred at this time.

Sgt. LoPrinzi then contacted [redacted] and advised her of our findings. [redacted] was advised to consult her attorney so that she may find an alternate way to acknowledge that she had been served, other than by person to person contact with a process server to which she understood. [redacted] was further advised to contact this agency if she should she need any further police assistance.

| Officer of Record: | Date: | Reviewed By: | Case #: | Page 2 |
|---|---|---|---|---|
| P.O. Peter Bernhard 61 | 08/19/25 | aloprinzi | 25-09200 | |