**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER PETERSON<br><br>***, Plaintiffs,***<br><br>v.<br><br>KAITLYN GROEZINGER, *et al.*<br><br>***, Defendants.*** | Civil Action No.: 2:25-cv-11801 |

**MEMORANDUM OF LAW in OPPOSITION to PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT on behalf of the DEFENDANTS BRYAN GURNEY, MEREDITH BENDIAN, AND BOROUGH OF RAMSEY**

**KEENAN & DORIS, LLC**
71 Union Avenue, Suite 105
Rutherford, New Jersey 07070
(T): (201) 355-8110
(F): (201) 355-8118
(E): idoris@keenandoris.com
Our File No. 1006-26
*Attorneys for Defendants, Bryan Gurney, Meredith Bendian, and Borough of Ramsey*

Return Date: October 5, 2026

Of Counsel and on Brief:
Ian C. Doris, Esq. (022481993)

On the Brief:
David F. Scheidel II, Esq. (216252019)

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................i

TABLE OF AUTHORITIES .......................................................................... iii

PRELIMINARY STATEMENT.......................................................................1

STATEMENT OF FACTS..............................................................................1

ARGUMENT ..................................................................................................6

I. STANDARD OF REVIEW. ........................................................6

II. PLAINTIFF'S CLAIMS AGAINST DEFENDANT GURNEY DO NOT REQUIRE FULL BRIEFING PURSUANT TO THE LOCAL RULES. ..................................................................7

III. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE STATUTE OF LIMITATIONS. ...................................................8

IV. DEFENDANTS GURNEY AND BENDIAN ARE ENTITLED TO QUALIFIED IMMUNITY AND CANNOT BE HELD LIABLE FOR A VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS. ...................................................9

V. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF 42 U.S.C. § 1983 AND THE NEW JERSEY CIVIL RIGHTS ACT..................................................................12

A. Plaintiff's State Substantive Due Process Claim Must Fail as a Matter of Law. ....................................13

B. Plaintiff's Federal Substantive and Procedural Due Process Claims Must Fail as a Matter of Law. ................................................13

C. Plaintiff's *Monell* Claim Must Fail as a

Matter of Law. ....................16

D. Plaintiff's Claim for Civil Conspiracy Must Fail as a Matter of Law. ....................17

VI. PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES....................20

VII. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE OR DECLARATORY RELIEF....................21

CONCLUSION ....................23

# TABLE OF AUTHORITIES

**CASES** **Page**

*Arab Afr. Int'l Bank v. Epstein*,
10 F.3d 168 (3d Cir. 1993) ........ 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 7, 18

*Biliski v. Red Clay Consol. Sch. Dist. Bd. Of Educ.*,
574 F.3d 214 (3d Cir. 2009) ........ 15

*Brillhart v. Excess Ins. Co. of Am.*,
316 U.S. 491 (1942) ........ 22

*Brosseau v. Haugen*,
543 U.S. 194 (2004) ........ 11

*Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*,
318 F.3d 473 (3d Cir. 2003) ........ 17

*City of Canton v. Harris*,
489 U.S. 378 (1989) ........ 16

*Cleveland Bd. of Ed. v. Loudermill*,
470 U.S. 532 (1985) ........ 15

*Collins v. City of Harker Heights*,
503 U.S. 115 (1992) ........ 16

*Daniels v. Williams*,
474 U.S. 327 (1986) ........ 14

*Dique v. New Jersey State Police*,
603 F.3d 181 (3d Cir. 2010) ........ 9

*Elder v. Holloway*,
510 U.S. 510 (1994) ........ 12

*Endl v. New Jersey*,
5 F.Supp.3d 689 (D.N.J. 2014) .......... 19

*Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*,
769 F.3d 850 (3d Cir. 2014) .......... 9

*Felicioni v. Admin. Office of the Courts*,
404 N.J. Super. 382 (App. Div. 2008) .......... 14

*Filgueiras v. Newark Pub. Sch.*,
426 N.J. Super. 449 (App. Div. 2012) .......... 13

*Genty v. Resolution Trust Corp.*,
937 F.2d 899 (3d Cir. 1991) .......... 20

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*,
615 F.3d 159 (3d Cir. 2010) .......... 18

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) .......... 10

*Hill v. Borough of Kutztown*,
455 F.3d 225 (3d Cir. 2006) .......... 15

*Jones v. Dalton*,
867 F. Supp. 2d 572 (D.N.J. 2012) .......... 17

*Kisela v. Hughes*,
584 U.S. 100 (2018) .......... 11

*Leimgruber v. Claridge Assocs., Ltd.*,
73 N.J. 450 (1977) .......... 20

*Malley v. Briggs*,
475 U.S. 335 (1986) .......... 10

*Massarsky v. Gen. Motors Corp.*,
706 F.2d 111 (3d Cir. 1983) .......... 7

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) .......... 10

*Monell v. New York City Dept. of Social Services*,
436 U.S. 658 (1978)........................................................................ 16

*Mullenix v. Luna*,
577 U.S. 7 (2015)........................................................................... 11

*Pearson v. Callahan*,
555 U.S. 223 (2009)........................................................................ 11

*Perez v. Zagami, LLC.*,
218 N.J. 202 (2014) ........................................................................ 19

*Reifer v. Westport Ins. Corp.*,
751 F.3d 129 (3d Cir. 2014) ........................................................ 22, 23

*Rivkin v. Dover Twp. Rent Leveling Bd.*,
143 N.J. 352 (1978) ........................................................................ 14

*Rusnak v. Williams*,
44 F. App'x 555 (3d Cir. 2002) ..................................................... 15

*Saucier v. Katz*,
533 U.S. 194 (2001)........................................................................ 10

*Shane v. Fauver*,
213 F.3d 113 (3d Cir. 2000) ........................................................ 6, 7

*Shearin v. E.F. Hutton Group, Inc.*,
885 F.2d 1162 (3d Cir. 1989), *abrogated on other* grounds,
*Beck v. Prupis,* 529 U.S. 494 (2000) .............................................. 18

*Smith v. Wade*,
461 U.S. 30 (1983).......................................................................... 20

*Startzell v. City of Phila.*,
533 F.3d 183 (3d Cir. 2008) ...................................................... 16, 17

*Travelers Indem. Co. v. Dammann & Co.*,
594 F.3d 238 (3d Cir. 2010) ............................................................ 7

*Tumpson v. Farina*,
218 N.J. 450 (2014) ........................................................................ 15

*U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*,
769 F.3d 837 (3d Cir. 2014) .......... 6

*Wilton v. Seven Faill Co.*,
515 U.S. 277 (1995) .......... 22

*Zaloga v. Borough of Moosic*,
841 F.3d 170 (3d Cir. 2016) .......... 11

*Zinermon v. Burch*,
494 U.S. 113 (1990) .......... 15

**STATUTES**

28 U.S.C. §2201(a) .......... 22

28 U.S.C. §2201, *et seq.* .......... 21

42 U.S.C. §1983 .......... 5, 8, 13, 19, 20

N.J. Stat. Ann. §10:6-1 *et seq.* .......... 5

N.J. Stat. Ann. §10:6-2(c) .......... 13

**RULES**

Fed. R. Civ. P. 15 .......... 6

Fed. R. Civ. P. 15(a)(2) .......... 6

L. Civ. R. 7.1(d)(4) .......... 7

## PRELIMINARY STATEMENT

The present matter before the Court arises from Plaintiff's continuing efforts to harass, annoy and impose the costly burden of litigation on Defendants, Bryan Gurney ("Gurney"), Borough Clerk Meredith Bendian ("Bendian"), and the Borough of Ramsey ("Borough") (collectively, "Defendants"), amongst others, for already dismissed, non-cognizable causes of action. More specifically, Plaintiff now seeks the Court's leave to file a Second Amended Complaint which in essence merely reasserts claims that this Court has previously dismissed and found wanting. (*See* ECF Dkt. No. 99; *see also Id.* at 95-98, 100). Accordingly, for the reasons set forth at length below the Defendants respectfully request the Court DENY Plaintiff's Motion for leave to file a Second Amended Complaint.

## STATEMENT OF FACTS

Plaintiff's Second Amended Complaint continues to assert sweeping constitutional and state-law claims contained in over 400 paragraphs against a host of Defendants, now including Defendants Bendian and Ramsey, along with the originally named Defendant, Bryan Gurney. The focus of Plaintiff's Second Amended Complaint continues to refer to his child custody and criminal matters in New Jersey related to his former paramour, Defendant Kaitlyn Grozinger, the mother of Plaintiff's child, B.P. (*See generally* ECF Dkt. No. 105).

As to Defendant Gurney, however, Plaintiff's proposed amended pleadings

still only contain a handful of allegations, none of which provide the specific facts to support a plausible claim for relief. According to his Second Amended Complaint, "Defendant Bryan Gurney is a former Ramsey Police Chief and current or former public-safety official." (*Id.* at ¶ 16) He "is sued because Plaintiff alleges that Gurney did not act merely as a private grandfather or private citizen. Plaintiff alleges that Gurney used his law enforcement status, law-enforcement relationships, access, influence, and/or authority as a police chief or public-safety official to obtain, approve, facilitate, or cause the release of sensitive police records, domestic-violence records, and juvenile or juvenile-related records concerning Plaintiff." (*Id.* at ¶ 17). Regarding Borough Clerk Bendian, Plaintiff asserts that Bendian "was a Registered Municipal Clerk and, by virtue of her position, training, experience, and records-custodian responsibility, knew or reasonably should have known that juvenile or juvenile-related law-enforcement records are confidential, exempt from ordinary public disclosure…" (*Id.* at ¶ 25). Finally, as to the Borough of Ramsey, Plaintiff alleges that it is a "municipal entity in New Jersey[,]" and that it is sued "only for claims arising from the alleged release, disclosure, dissemination, or failure to protect Plaintiff's confidential juvenile or juvenile-related law-enforcement records through Ramsey municipal and police records channels." (*Id.* at ¶ 22).

Later in the Proposed Second Amended Complaint, Plaintiff provides that

"[o]n or about **December 19, 2019**, while serving as a law-enforcement official, Defendant Gurney personally submitted, sought, or caused to be sought records from the Waldwick Police Department concerning Plaintiff and Groezinger." (*Id.* at ¶ 103) (emphasis added). Furthermore, Plaintiff asserts that "On or about **October 5, 2020**, records were released in response to Groezinger's request[,]" which "included confidential juvenile or juvenile-related law-enforcement records concerning Plaintiff." (*Id.* at ¶ 115-116) (emphasis added). As to this claim, Plaintiff alleges that "Defendant Meredith Bendian was, at relevant times, the Ramsey Borough Clerk and/or municipal records custodian." (*Id.* at ¶ 117). As to the records released, "Plaintiff alleges that the juvenile or juvenile-related records would not have been released without Gurney's approval, authorization, sign-off, or failure to prevent disclosure in his official role as Ramsey Police Chief." (*Id.* at ¶ 127).

Plaintiff further re-alleges that Defendant Gurney "used his law-enforcement status, relationships, access, influence, or authority to obtain records that an ordinary requester would not have received." In furtherance of this allegation, Plaintiff contends in entirely speculative and conclusory fashion that at or around that time, Defendant Gurney:

> [U]sed or exploited law-enforcement status, police-chief authority, public safety relationships, police-records approval channels, or law-enforcement-accessible information to obtain records that were not available to an ordinary requester and that were later used against

> Plaintiff in custody-related proceedings and evaluations. Plaintiff further alleges that he discovered that Bryan Gurney's sister, Kathlyn Gurney, is or was employed by the Borough of Oakland as confidential secretary to the Borough Administrator. Plaintiff alleges that this relationship is relevant to discovery concerning Gurney's municipal relationships, possible informal access, possible communications, or possible influence involving Oakland-related actors, records, or law-enforcement channels…

(*Id.* at ¶ 162). Finally, Plaintiff alleges that on or about December 14, 2022, Defendant Groezinger submitted an OPRA request to Hawthorne Police Department for body camera footage and records related to a disorderly-persons offense involving Plaintiff, and in response, she was provided with records but not any body cam footage. (Id. at ¶ 130-132). Plaintiff asserts that after Defendant Gurney submitted his OPRA request on **December 19, 2022**, he received body camera footage that was allegedly not provided to Groezinger. (*Id.* at ¶ 133-134). Then, at a January 27, 2023, hearing, Defendant Kleiner allegedly stated on the record he relied upon the Hawthorne responses to the OPRA request, which included the body camera footage. (*Id.* at ¶ 135) This, Plaintiff asserts, in completely speculative fashion, "supports the inference that Groezinger could not obtain the body-worn-camera footage herself, that Gurney used his law-enforcement status, access, or influence to obtain the precise footage she did not receive" which "was then provided to or used by Kleiner on Groezinger's behalf." (*Id.* at ¶ 136). No further information is provided as to any conversations or correspondences between the parties, and indeed, the incident occurred over two (2) years prior to Plaintiff filing his original

Complaint.

This is the entirety of Plaintiff's allegations against Defendant Gurney. Compare these allegations to the First Amended Complaint, wherein Plaintiff asserted that Gurney used his authority as Chief of Police to procure confidential records through OPRA, which he (Plaintiff) claims should not have been released. Similar to the proposed Second Amended Complaint, Plaintiff asserted that Gurney requested a domestic violence report from the Waldwick Police Department, and a juvenile records request from the Ramsey Police Department, and contended in purely speculative fashion that without Gurney's involvement, the records would not have been released.

The Second Amended Complaint is devoid of any facts and/or corroborating details to support Plaintiff's causes of action for due process or Monell violations based on under 42 U.S.C. §1983 or the New Jersey Civil Rights Act, N.J. Stat. Ann. §10:6-1 *et seq.* Accordingly, Plaintiff's proposed Second Amended Complaint still fails to proffer sufficient facts to state a cause of action against Defendants under either the federal or the State of New Jersey's civil rights laws. These facts and legal doctrines require that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint against Defendants in its entirety and with prejudice.

# ARGUMENT

## I. STANDARD OF REVIEW.

Amendment of pleadings is governed by Fed. R. Civ. P. 15 which states in pertinent part as follows: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's instant Motion for leave to amend may be denied for the following reasons: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *See U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). The Court has the sound discretion whether to grant Plaintiff's leave to amend. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). Here, the amendment to Plaintiff's pleadings would be futile.

The key to determining that Plaintiff's amendment is futile is that any new allegations would fail to state a claim upon which relief could be granted. *See, e.g.*, *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)[,]" such that the Court must accept all factual allegations in a

proposed amended complaint as true and view them in the light most favorable to the plaintiff. *Id.* (citation omitted)*; see also Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). While there is no need for specificity in the party's amendment, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Moreover, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, "[t]he trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

## II. PLAINTIFF'S CLAIMS AGAINST DEFENDANT GURNEY DO NOT REQUIRE FULL BRIEFING PURSUANT TO THE LOCAL RULES.

With regards to Defendant Gurney, the Defendants argue that full briefing on the reasons why Plaintiff's Motion must be denied is not necessary pursuant to L. Civ. R. 7.1(d)(4), which states in pertinent part: "In lieu of filing any brief pursuant to Local Civ. R. 7.1(d)(1), (2), or (3), a party may file a statement that no brief is necessary and the reasons therefor." The Defendants respectfully refer the Court to Defendant Gurney's prior Motion to dismiss, and the arguments contained therein

related to the statute of limitations, qualified immunity, 42 U.S.C. §1983 and the New Jersey Civil Rights Act, and declaratory judgment, (*see* ECF Dkt. No. 69-1 at Points I-IV, VII), and the Court's prior Order granting same (ECF Dkt. No. 99) based upon those arguments. Defendant Gurney's prior submission and the Court's Order are sufficient reason for the Court to dismiss Plaintiff's instant Motion because the raison d'être, *i.e.*, claims and causes of action, of Plaintiff's Second Amended Complaint is no different than in the First Amended Complaint which this Court has already dismissed.

Additionally, the Defendants assert that full briefing is unnecessary with regards to Defendants Bendian and the Borough. Those arguments made in support of dismissal of Defendant Gurney, *e.g.*, the statute of limitations and qualified immunity, apply with equal force to Defendants Bendian and the Borough. However, since Defendants Bendian and the Borough were not specifically addressed in prior submissions, those arguments referenced above are set forth in further detail and with brevity below.

## III. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE STATUTE OF LIMITATIONS.

This Honorable Court has already ruled that Plaintiff's Complaint is barred by the statute of limitations. (*See* ECF Dkt. No. 99). Therefore, leave to Plaintiff to file his Second Amended Complaint, which does not assert claims within the statute of limitations time-period, must be denied.

The applicable statute of limitations for a §1983 claim is "governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "In New Jersey, where [Plaintiff's] claim arose, personal injury claims are governed by a two-year statute of limitations." *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859 (3d Cir. 2014). Plaintiff's Second Amended Complaint alleges that Gurney's actions occurred in or around December 19, **2019**, and December 19, **2022**, and that Bendian's actions occurred on or about October 5, **2020**. These dates are well before Plaintiff's initial Complaint was filed on June 15, **2025**, and, more importantly, beyond the two-year statute of limitations. Accordingly, Plaintiff's Motion must be denied as time barred by the statute of limitations.

## IV. DEFENDANTS GURNEY AND BENDIAN ARE ENTITLED TO QUALIFIED IMMUNITY AND CANNOT BE HELD LIABLE FOR A VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.

Similar to those arguments made regarding Defendant Gurney, (*see* ECF Dkt. No. 69-1 at Point II), Defendant Bendian is also shielded from liability under the doctrine of qualified immunity.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Qualified immunity is **only** defeated where an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Id.* Courts specifically have held that qualified immunity protects "all but the plainly incompetent, or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).[1]

In analyzing qualified immunity, the Court engages in a two-part inquiry. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court must decide whether the facts that Plaintiff has demonstrated through credible evidence make out a violation of a constitutional right. *Id.* Next, the Court must determine whether the right at issue was **"clearly established"** at the time of Defendants' alleged misconduct. In analyzing the second prong of the qualified immunity analysis, a right is clearly established only if **"every reasonable official would have understood that what he was doing violates**

[1] Importantly, because qualified immunity "is *an immunity from suit* rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (italics in original).

**the right."** *Zaloga v. Borough of Moosic*, 841 F.3d 170, 175 (3d Cir. 2016) (emphasis added). The order of analysis is within the Court's discretion, as is the need of engaging in both parts should the Court determine, for example, that there is no clearly established right then it would be unnecessary for the Court to also determine the objective reasonable under the totality of the circumstances of the alleged conduct at issue. *See Id.* at 174 (*citing Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). In the matter at bar the Court need analyze no further than the lack of a "clearly established" constitutional right.

The inquiry as to whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citation and internal quotations omitted; italics in original). "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 584 U.S. 100, 105 (2018) (citations and internal quotations omitted). Determining whether an asserted federal right is clearly established at a particular time so that a public official who allegedly violated the right is not entitled to qualified

immunity presents a question of law for the Court. *Elder v. Holloway*, 510 U.S. 510, 516 (1994).

In the matter at bar, Plaintiff's proposed Second Amended Complaint does **not** present any specific facts to support his contention that the actions taken by Defendants Gurney or Bendian would be considered by a public official to be a violation of a constitutional right, and certainly not one that was clearly established. Rather, Plaintiff alleges that Defendant Gurney submitted an OPRA request on December 19, 2019, and December 19, 2022, respectively; nothing about which is unconstitutional nor unreasonable. Further Plaintiff alleges that Defendant Bendian processed an OPRA request on October 5, 2020; again nothing of which is unconstitutional nor unreasonable. The allegations in Plaintiff's Second Amended Complaint are just as woefully deficient as the First Amended Complaint with not even a scintilla of proofs showing a clearly established right let alone conduct which was not reasonable under the totality of the circumstances. Plaintiff has therefore failed to provide any additional facts or information to show that qualified immunity would not apply to either Defendants Gurney or Bendian. Accordingly, Plaintiff's instant Motion should be denied in its entirety and with prejudice.

## V. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATION OF 42 U.S.C. § 1983 AND THE NEW JERSEY CIVIL RIGHTS ACT.

Plaintiff's Second Amended Complaint again alleges a cause of action for deprivation of civil rights pursuant to 42 U.S.C. §1983. More specifically, Plaintiff alleges that Defendants violated his constitutional due process rights and infers a conspiracy to violate his constitutional rights. However, Plaintiff has failed to sufficiently plead the elements of such claims.

### A. Plaintiff's State Substantive Due Process Claim Must Fail as a Matter of Law.

Regarding the due process claims against the individual Defendants, a party's rights under the New Jersey State Constitution must be pled under the statutory mechanism for such claims, which is the New Jersey Civil Rights Act (hereinafter "CRA"). The CRA was modeled after its federal counterpart, 42 U.S.C. §1983, *see Filgueiras v. Newark Pub. Sch.*, 426 N.J. Super. 449, 467 (App. Div. 2012), and provides in relevant part:

> Any person who has been deprived of any substantive due process…rights, privileges or immunities secured by the Constitution or laws of the United States, or…of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. §10:6-2(c). Plaintiff fails to meet his burden of proof regarding a substantive due process claim.

### B. Plaintiff's Federal Substantive and Procedural Due Process Claims Must Fail as a Matter of Law.

"The principle of substantive due process, founded in the federal Constitution, *U.S. Const.* amend XIV, § 1, and our State Constitution, *N.J. Const. art.* I, § 1, protects individuals from the 'arbitrary exercise of the powers of government' and 'governmental power being used for the purposes of oppression.'" *Felicioni v. Admin. Office of the Courts*, 404 N.J. Super. 382, 392 (App. Div. 2008) (*quoting Daniels v. Williams*, 474 U.S. 327, 331 (1986)) (italics in original). However, this "does not protect individuals from all government actions that infringe liberty or injury property in violation of some law." *Id.* (*quoting Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352, 363 (1978)). Rather, it is "reserved for the most egregious governmental abuses against liberty or property rights, abuses that 'shock the conscience or otherwise offend…judicial notions of fairness…[and that are] offensive to human dignity." *Id.* (*quoting Rivkin*, 143 N.J. at 366) (alteration in original). Here, there is no evidence in the record that Defendants' conduct toward Plaintiff was an "egregious abuse" against his liberty or that "shocks the conscience." Plaintiff's bare legal conclusions, without any factual support, will not support his due process claim. In light of the above, Plaintiff's motion for leave to file a Second Amended Complaint as to the individual Defendants must be denied in its entirety and with prejudice.

As to procedural due process, Plaintiff's claims "must allege state

sponsored deprivation of a protected interest in life, liberty or property." *Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002) (*citing Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).[2] Plaintiff must show that "(1) he was deprived of an individual interest that is encompassed within the Fourteen Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (citation omitted). Fundamentally, this requires notice and an opportunity to be heard. *Biliski v. Red Clay Consol. Sch. Dist. Bd. Of Educ.*, 574 F.3d 214, 220 (3d Cir. 2009); *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985). Here, Plaintiff's proposed Second Amended Complaint clearly sets forth that Plaintiff **was afforded notice and the opportunity to be heard** regarding all matters pertaining to his criminal proceedings on the dates provided in his proposed Second Amended Complaint, namely, a January 27, 2023 hearing (wherein Kleiner allegedly stated that he relied upon Hawthorne's release of records and body-worn-camera footage); and March 14, 2025 hearing (wherein Kleiner

---

[2] A procedural due process claim is **not** cognizable under the NJCRA, therefore this argument refers only to §1983. *See Tumpson v. Farina*, 218 N.J. 450, 477 (2014) (NJCRA "protects against deprivation and interference with 'substantive rights, privileges or immunities secured by the Constitution or laws of this State'…whereas Section 1983 protects against 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.") (emphasis in original; internal citations omitted).

allegedly conceded that a medical expert "accidentally released" information related to Plaintiff's juvenile record). These hearings gave Plaintiff the opportunity to quash or challenge the admissibility of evidence related to OPRA requests by Defendant Gurney and Defendant Bendian, and therefore there is no need for this Court to consider Plaintiff's "second bite at the apple" related to a procedural due process claim.

### C. Plaintiff's Monell Claim Must Fail as a Matter of Law.

A municipality such as the Defendant Borough of Ramsey may be liable under Section 1983 "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). A *Monell* claim may also be premised on a municipality's failure to train, supervise or discipline its employees. *See*, *e.g.*, *City of Canton v. Harris*, 489 U.S. 378, 308 (1989). However, as a prerequisite to municipal liability, there must first be a violation of the Plaintiff's constitutional rights. *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) (emphasizing the **separate** inquiries into the questions of municipal responsibility and whether a constitutional violation occurred). Where no such constitutional violation occurred, a Plaintiff's *Monell* claim must necessarily fail. *See Startzell v. City of Phila.*, 533 F.3d 183, 204 (3d Cir. 2008) (citations omitted).

In the matter at bar, Plaintiff cannot show that his constitutional rights were violated. Even assuming *arguendo* Plaintiff could make such a showing, Plaintiff cannot prove the necessary **"direct causal link"** and **"deliberate indifference"** necessary for a successful *Monell* claim against the Borough. *See Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482 (3d Cir. 2003). Plaintiff cannot show that his rights were violated because Defendants Gurney and Bendian did not, in lawyerly fashion, analyze the full width and breadth of the scope of issues related to OPRA requests. Accordingly, Plaintiff's *Monell* claim must fail as a matter of law. *See*, *supra*, *Startzell*, 533 F.3d at 204.

### D. Plaintiff's Claim for Civil Conspiracy Must Fail as a Matter of Law.

Although not clearly delineated in Count 1 of Plaintiff's proposed Second Amended Complaint, a claim for civil conspiracy under §1983 requires "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means[]" were "the principle element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages." *Jones v. Dalton*, 867 F. Supp. 2d 572, 585 (D.N.J. 2012). Thus, for a plaintiff to allege a §1983 conspiracy, he "must assert facts from which a conspiratorial agreement can be inferred." *Great Western Mining & Mineral*

*Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). Thus, the allegations of a conspiracy must contain "enough factual matter (taken as true) to suggest that an agreement was made," in other words, "plausible grounds to infer an agreement." *Id*. (*citing Twombly,* 550 U.S. at 556). The Courts may "not consider any conclusory allegations that there was 'a corrupt conspiracy,' 'an agreement,"' or 'an understanding in place between [the defendants involved in the conspiracy]." Instead, Plaintiff must plead that the agreement has sufficient facts to support the claim; "a bare assertion of conspiracy will not suffice." *Twombly,* 550 U.S. at 556; *see also Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other* grounds, *Beck v. Prupis,* 529 U.S. 494 (2000) ("To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.").

In this case, Plaintiff fails to provide any basis that Defendants Gurney and Bendian instituted any action against him, or that the action was misused to harm Plaintiff rather than for goals related to the child custody and criminal proceedings. As to Plaintiff's conspiracy claims, he submits only conclusory, speculative allegations as set forth above. Additionally, Plaintiff's Amended Complaint fails to present enough factual matter (taken as true) to suggest that

an agreement was made, or plausible grounds to infer an agreement or that there was a "meeting of the minds" to engage in a conspiracy against Plaintiff, as required by *Great Western* and *Twombly/Iqbal*. Accordingly, Plaintiff's motion for leave to file a Second Amended Complaint in its entirety and with prejudice.

Similarly, the New Jersey Civil Rights Act was enacted for the purpose of providing a state remedy for deprivation of the civil rights of an individual. *Perez v. Zagami, LLC.*, 218 N.J. 202, 212 (2014). As the NJCRA was modeled after 42 U.S.C. §1983; New Jersey courts have interpreted NJCRA claims almost identically to those brought under §1983. *Endl v. New Jersey*, 5 F.Supp.3d 689, 697 (D.N.J. 2014). Here, as previously discussed, Plaintiff has not set forth any facts demonstrating that Defendants Gurney or Bendian should be liable for the purported violations of Plaintiff's constitutional rights. Plaintiff ambiguously and broadly states that Gurney and Bendian, in conjunction with other named defendants, have deprived him of his constitutional and civil rights under the New Jersey Civil Rights Act. He also alleges, without any proof, that Defendant Gurney conspired with the other named defendants to interfere with his civil rights. However, Plaintiff does not provide any examples or specific instances whereby Gurney acted or conspired to deprive him of any of his rights. Accordingly, Plaintiff's motion for leave to file a Second Amended Complaint

should be denied in its entirety and with prejudice.

## VI. PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES.

Plaintiff further contends that he is entitled to punitive damages on his claims against the individually named Defendants. However, even viewing Plaintiff's allegations as true for the purposes of his motion, his claims fail to meet the standard required to recover punitive damages.

Punitive damages are awarded only when warranted to punish the offender(s) for aggravated misconduct and to deter such conduct in the future. *Leimgruber v. Claridge Assocs., Ltd.*, 73 N.J. 450, 454 (1977). Plaintiff must prove that Defendants' conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 35 (1983). Furthermore, it is well established that punitive damages are not available against a municipality under 42 U.S.C. §1983 and its State counterpart, the NJCRA, since they are not provided by statute. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 910 (3d Cir. 1991) ("For well over a century, most jurisdictions have recognized the principle that municipalities, even when acting in their proprietary capacity, are exempt from punitive damages, unless a statute expressly provides such damage awards against municipalities.") (citation omitted).

The claim in the instant case is insufficient to attach liability for punitive

damages against Defendants, as it does not meet this heightened threshold standard. For the reasons already set forth in detail above, the evidence does not support a finding that Defendants acted with a high degree of conscious disregard for the rights of others or engaged in reckless or callous indifference to the federally protected rights of others. To the contrary, Plaintiff's allegations, even if accepted as true, amount to nothing more than being disgruntled over OPRA requests made by Defendant Gurney and processed by Defendant Bendian.

Viewing the facts most favorable to Plaintiff, he does not meet a showing that Defendants acted in a malicious or evil-minded way in this matter. Accordingly, Plaintiff's motion to file a Second Amended Complaint should be denied in its entirety and with prejudice.

## VII. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE OR DECLARATORY RELIEF.

Plaintiff continues to assert that he is entitled to declaratory and/or injunctive relief. However, as previously argued, this contention is without merit. The Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.* ("DJA"), states in pertinent part as follows: "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). In interpreting the DJA 80-years ago,

the United States Supreme Court in *Brillhart v. Excess Ins. Co. of Am.* emphasized that the DJA confers discretionary rather than compulsory jurisdiction on Federal Courts. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction.") (citations omitted).

Following the principles espoused by the United States Supreme Court in *Brillhart* and *Wilton v. Seven Faill Co.*, 515 U.S. 277 (1995), the Third Circuit Court of Appeals in *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014), provides an in-depth discussion of the discretion conferred upon the District Courts and the non-exclusive list of factors to be considered for making a determination whether or not to exercise jurisdiction pursuant to the DJA. When the District Court is analyzing whether or not to exercise DJA discretion, the Third Circuit has long required District Courts to consider four general factors (hereinafter "General Factors"):

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation; and
>
> (4) the availability and relative convenience of other remedies.

*See Reifer*, 751 F.3d at 140 (citations omitted). The *Reifer* Court further instructs

the District Courts to inquire into the motives of the party filing the declaratory action and thus "seek to prevent the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." *Id.*

Here, none of these factors apply to Plaintiff's action. As previously argued in the underlying Motion for judgment on the pleadings, Plaintiff already has an available remedy in State Court related to the child custody proceedings, and therefore there is no reason for this District Court to issue declaratory judgment or injunctive relief. (*See* ECF Dkt. No. 69-1 at Point VII). Accordingly, Plaintiff's requests should be denied with prejudice

**CONCLUSION**

For the above reasons, it is respectfully requested the Court enter an Order denying Plaintiff's Motion for leave to file a Second Amended Complaint against Defendants Bryan Gurney, Meredith Bendian, and the Borough of Ramsey, in its entirety and with prejudice.

Respectfully Submitted,

**KEENAN & DORIS, LLC**
*Attorneys for Defendants, Bryan Gurney, Meredith Bendian, and Borough of Ramsey*

Dated: September 21, 2026

By: s/ Ian Doris
Ian C. Doris, Esq.