UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

CHRISTOPHER PETERSON, Plaintiff,

v.

KAITLYN GROEZINGER, et al., Defendants.

Civil Action No. 2:25-cv-11801-MEF-AME

# PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 105)

Motion day: October 5, 2026

Consolidated reply deadline: October 5, 2026 (ECF Nos. 112, 114)

# TABLE OF CONTENTS

INTRODUCTION .......................................................................... 7

I. AMENDMENT STANDARD AND EARLIER DISMISSALS ............ 7

II. OAKLAND DETENTION AND RECORDING CLAIMS .................. 8

III. CLAIM ARISING FROM THE CRIMINAL PROSECUTION .......... 11

IV. RECORDS AND MUNICIPAL-LIABILITY CLAIMS ................... 13

V. REMAINING DEFENDANTS, NOTICE, AND SERVICE ............ 14

VI. MORANTE AND PROSPECTIVE RELIEF ............................... 16

VII. CONCLUSION AND ALTERNATIVE PARTIAL LEAVE ........... 19

# TABLE OF AUTHORITIES

## Cases


Ashcroft v. Iqbal, 556 U.S. 662 (2009) .......................................... 7

Black v. Montgomery County, 835 F.3d 358 (3d Cir. 2016) ........ 12

Connick v. Thompson, 563 U.S. 51 (2011) ................................. 14

Dempsey v. Bucknell University, 834 F.3d 457 (3d Cir. 2016) ..... 12

Ex parte Young, 209 U.S. 123 (1908) ..................................... 17, 18

Felder v. Casey, 487 U.S. 131 (1988) ......................................... 15

Fields v. City of Philadelphia, 862 F.3d 353 (3d Cir. 2017) ........... 11

Florida v. Bostick, 501 U.S. 429 (1991) ......................................... 8,9

Florida v. Royer, 460 U.S. 491 (1983) ........................................... 9

Foman v. Davis, 371 U.S. 178 (1962) ............................................ 7

Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010) .................................................. 14, 19

Heck v. Humphrey, 512 U.S. 477 (1994) ..................................... 11

Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006) ........... 16

oigman v. Township Committee of Middletown, 185 N.J. 566 (2006) ................................................................... 14

Mathews v. Eldridge, 424 U.S. 319 (1976) .................................. 18

Merritts v. Richards, 62 F.4th 764 (3d Cir. 2023) .......................... 17

Mirabella v. Villard, 853 F.3d 641 (3d Cir. 2017) ..................... 11, 16

Monell v. Department of Social Services, 436 U.S. 658 (1978) ................................................................... 14

Owens v. Feigin, 194 N.J. 607 (2008) ......................................... 15

Papasan v. Allain, 478 U.S. 265 (1986) ....................................... 17

Paul v. Davis, 424 U.S. 693 (1976) .............................................. 17

Rodriguez v. United States, 575 U.S. 348 (2015) ............................ 9

Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000) ................................ 7

Stringer v. County of Bucks, 141 F.4th 76 (3d Cir. 2025) .......... 10

Thompson v. Clark, 596 U.S. 36 (2022) ....................................... 11

United States v. Sharpe, 470 U.S. 675 (1985) ................................ 9

Verizon Maryland Inc. v. Public Service Commission of Maryland,

535 U.S. 635 (2002) ................................................................. 17

Statutes and Rules

42 U.S.C. § 1983 ....................................................................... 15

New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2 ...................... 15

New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. ................... 15

Federal Rule of Civil Procedure 15(a)(2) ...................................... 7

Federal Rule of Civil Procedure 15(d) ........................................ 16

Federal Rule of Evidence 201 .................................................... 18

Local Civil Rule 15.1 ............................................................... 19

## INTRODUCTION

Plaintiff Christopher Peterson submits this consolidated reply pursuant to ECF Nos. 112 and 114 and requests leave to file the proposed Second Amended Complaint ("SAC"). Defendants oppose amendment in ECF Nos. 110 and 116–120. Plaintiff alternatively requests leave for independently sufficient claims and focused amendment of any curable deficiencies.

The SAC concerns distinct conduct and defendants. A limitations defect concerning a records release does not determine the legality of the June 2025 detention. A deficient joint-action allegation against a private defendant does not determine an officer's liability for personal conduct. This reply relies on the SAC and supplies no additional factual allegations.

## I. AMENDMENT STANDARD AND EARLIER DISMISSALS

Rule 15(a)(2) directs courts to freely give leave when justice requires, subject to grounds including undue delay, bad faith, repeated failure to cure deficiencies, prejudice, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962). Futility applies the failure-to-state-a-claim standard. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Adequately pleaded facts and reasonable inferences are accepted; conclusory labels are not. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

The earlier decisions remain relevant, but the Court should compare the SAC with the defects identified in ECF Nos. 95–101. Dismissal without prejudice does not establish a later pleading's sufficiency. Conversely, additional allegations require assessment under the governing elements rather than rejection merely because the earlier complaint failed. Defendants' exhibits likewise do not automatically establish the truth of disputed assertions or resolve disputed circumstances against Plaintiff.

## II. OAKLAND DETENTION AND RECORDING CLAIMS

Count IV alleges that officers expressly told Plaintiff he was not free to leave and held him approximately 25 minutes. SAC ¶¶ 198–224, 345–354. A seizure does not require handcuffs or formal arrest. The inquiry is whether a reasonable person would feel free to decline requests or terminate the encounter. Florida v. Bostick, 501 U.S. 429, 436–37 (1991).

Groezinger reported both the child-restraint and recording allegations before the encounter. SAC ¶ 200. Plaintiff challenges the justification for the detention and its continuation, not the mere investigation of those reports. Officers allegedly had not observed the reported driving violation, could not verify the restraint complaint, requested consent to inspect the vehicle, and continued holding Plaintiff after he refused. SAC ¶¶ 201–224. Officers may investigate a sufficiently reliable

eyewitness report, but refusal to cooperate, without more, does not supply reasonable suspicion. Bostick, 501 U.S. at 437.

An investigative detention must remain reasonably related in scope and duration to its justification. Florida v. Royer, 460 U.S. 491, 500 (1983) (plurality opinion). Twenty-five minutes is not automatically excessive; diligence and circumstances matter. United States v. Sharpe, 470 U.S. 675, 685–86 (1985). Unrelated questioning that adds no time is different from prolonging a detention beyond its justified mission without an independent basis. Rodriguez v. United States, 575 U.S. 348, 354–57 (2015).

The SAC alleges continued detention after officers could not verify the restraint allegation and a shift to whether another person's recording violated the FRO. SAC ¶¶ 214–224. Defendants' report states that Harvey eventually released Plaintiff and that the next day's consultation concluded the reported third-party recording did not violate the FRO. ECF No. 116-3 at 10–14. Release does not eliminate the preceding seizure; the later conclusion does not establish what officers reasonably knew earlier. Their information, the FRO's terms, and the detention's continuation require assessment.

The May 2023 prosecutorial assessment concerning recording under the amended FRO may bear on notice, but does not automatically establish each officer's

knowledge or eliminate factual differences. SAC ¶¶ 216–217, 230. Paragraph 199 alleges Harvey's direction or supervision of the continued encounter and Lopez's and Anderson's participation. Plaintiff relies on participation, not title alone. Each officer's allegations should be assessed separately.

Qualified immunity may support dismissal when entitlement is apparent from the complaint. But Stringer v. County of Bucks, 141 F.4th 76 (3d Cir. 2025), recognizes that a plausibly pleaded constitutional violation may leave factual questions necessary to assess clearly established law. The detention principles above predated June 2025. Plaintiff alleges an express restriction on departure and continued detention without an adequate investigative basis, not merely an abstract right to reasonable police conduct. A reasonable mistake may support immunity, but disputed circumstances should not be resolved against Plaintiff. Stringer neither cures a deficient claim nor guarantees discovery. Stringer was decided on June 18, 2025, after the June 5 encounter. Plaintiff cites it for the procedure governing qualified immunity at the pleading stage, not as authority establishing the law at the time of the encounter.

Count III concerns Plaintiff's own lawful documentation, including permitted dash-camera activity, and an arrest threat directed to him. SAC ¶¶ 225–235, 335–344. Recording police performing public duties is protected, subject to lawful

restrictions. Fields v. City of Philadelphia, 862 F.3d 353, 359–60 (3d Cir. 2017). Plaintiff claims no right to violate the FRO or standing solely through another person's recording. Retaliation does not invariably require an arrest; sufficiently adverse conduct may deter a person of ordinary firmness. Mirabella v. Villard, 853 F.3d 641 (3d Cir. 2017). The alleged threat, protected activity, causation, and officers' knowledge require analysis independent of Count IV.

## III. CLAIM ARISING FROM THE CRIMINAL PROSECUTION

The SAC alleges dismissal of all charges in May 2024 and commencement of this action on June 15, 2025. SAC ¶¶ 254–257, 329–332. A Fourth Amendment malicious-prosecution claim requires favorable termination, which does not require an affirmative indication of innocence. Thompson v. Clark, 596 U.S. 36, 44–49 (2022). A malicious-prosecution claim does not accrue until the criminal proceedings terminate in the plaintiff's favor. Heck v. Humphrey, 512 U.S. 477, 489–90 (1994). The original charging date therefore does not alone establish that this claim is untimely.This does not render every claim arising from a 2020 event timely.

Ritondale allegedly initiated charges using an account that materially mischaracterized recorded statements and omitted context. SAC ¶¶ 236–253, 326–328. Conditional wording is not automatically nonthreatening. The issue is whether

correcting the alleged false statements and omissions would leave probable cause. Dempsey v. Bucknell University, 834 F.3d 457, 468–70 (3d Cir. 2016).

The later grand-jury allegations concern disputed exchange-related descriptions presented through Madonna. SAC ¶¶ 80–88, 320–324. Failure to present recordings alone does not defeat probable cause. Plaintiff relies on alleged material misrepresentations and their causal significance, does not attribute every grand-jury act to Ritondale, and does not contend dismissal automatically negates the indictment.

A qualifying prosecution-related deprivation of liberty remains necessary for the Fourth Amendment theory. Black v. Montgomery County, 835 F.3d 358, 367–71 (3d Cir. 2016). Legal expenses and reputation cannot substitute. If paragraphs 255 and 332 lack necessary specificity, Plaintiff alternatively requests permission to identify any actual qualifying restrictions and their dates in a revised proposed pleading. This reply supplies none. Groezinger's interview statements must independently satisfy joint-action requirements; a defect in that theory should not decide sufficiently pleaded official conduct.

## IV. RECORDS AND MUNICIPAL-LIABILITY CLAIMS

The SAC alleges Gurney's use of his law-enforcement relationship to obtain Waldwick material and Messner's identified transmission "as requested." SAC ¶¶ 103–113. Messner's alleged transmission is personal conduct, not merely supervisory status. The Ramsey transaction includes Bendian's alleged routing and approval role. SAC ¶¶ 114–129. A later refusal to release juvenile material does not conclusively prove the content, unlawfulness, or intent of an earlier disclosure.

Count I requires protected information, Plaintiff's own constitutional interest, each defendant's conduct, and injury. SAC ¶¶ 303–316. A records-statute violation alone is insufficient. Confidential juvenile material should be assessed separately from ordinary public reports, with qualified immunity tied to the particular disclosure and asserted right.

The SAC alleges discovery through 2024 materials, including Dr. Tarle's disclosure and later routing information. SAC ¶¶ 143–151. These allegations must be compared with earlier knowledge of each injury. The March 2020 notice bears on knowledge of the Waldwick release. ECF No. 116-3 at 2–4. Additional details or later use do not automatically restart limitations. Plaintiff requests transaction-specific analysis of accrual and any adequately pleaded tolling basis. ECF No. 99's

reasoning concerning the earlier Gurney claim does not determine unrelated 2025 conduct.

Count V requires a municipal policy or custom causing constitutional injury, not employment alone. Monell v. Department of Social Services, 436 U.S. 658, 690–94 (1978). The SAC identifies alleged records-access practices and Oakland's repeated responses to recording complaints. SAC ¶¶ 258–272, 355–367. A processing workflow alone is not unconstitutional. The May 2023 incident may bear on notice, but similarity and causation remain necessary. A bare training allegation is insufficient. Connick v. Thompson, 563 U.S. 51, 62–63 (2011). Deficient municipal allegations should be distinguished from sufficient individual claims.

## V. REMAINING DEFENDANTS, NOTICE, AND SERVICE

Private defendants. Groezinger, Kleiner, and Behaved Brain require factual support for joint action, not merely police reports or litigation participation. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175–78 (3d Cir. 2010). Kleiner's exchange-related email and the later prosecution theory must be assessed without assuming similarity establishes agreement. SAC ¶¶ 152–158, 325. Privilege objections require examination of the particular conduct and claim under Loigman v. Township Committee of Middletown, 185 N.J. 566, 584–85 (2006).

Behaved Brain's additional allegations include February 2024 police contacts, security requests, and the recorded statement about staff affidavits if Plaintiff continued seeking records. SAC ¶¶ 167–197, 378–385. These warrant comparison with the earlier subpoena allegations, but still require plausible official-private coordination and constitutional injury. Count VI likewise requires identification of the theory: state abuse of process requires improper use after issuance, while a constitutional theory requires state action and constitutional deprivation. Any deficiency should be identified by claim and defendant.

Notice and remedies. Tort Claims Act notice requirements may affect covered common-law damages claims. State notice-of-claim requirements do not apply to § 1983 claims. Felder v. Casey, 487 U.S. 131, 140–41 (1988). The New Jersey Tort Claims Act's notice requirement likewise does not apply to New Jersey Civil Rights Act claims. Owens v. Feigin, 194 N.J. 607 (2008).

Plaintiff does not treat the March 2020 notice as notice of unrelated later incidents. The SAC limits punitive damages to individuals where legally available, not municipalities. SAC ¶¶ 419–420. An unavailable remedy does not automatically defeat an otherwise sufficient claim.

Service. Count IX alleges Bernhard instructed the process server not to return and Sanchez repeated that instruction. SAC ¶¶ 273–277, 398–408. Defendants' report

states the server explained he was hired by a lawyer to deliver legal papers before Bernhard issued the instruction. ECF No. 116-3 at 19. This bears on knowledge of legal purpose, but does not conclusively establish both officers' knowledge of this federal action or retaliatory intent.

The SAC alleges an ordinary approach to the entrance without posted restrictions and identifies Sanchez's earlier involvement as context. Plaintiff claims no unrestricted right to enter private property or disregard lawful confidentiality protections. An access claim requires actual litigation injury, not inconvenience alone. Retaliation separately requires protected activity, adverse action, and causation; complete prevention of service is unnecessary. Mirabella, 853 F.3d 641. To the extent supplementation is necessary for events following the original complaint, Plaintiff requests treatment under Rule 15(d), relying on incidents already alleged in the SAC.

## VI. MORANTE AND PROSPECTIVE RELIEF

The ruling at ECF No. 96 addressed qualified immunity on the clearly-established-law ground and put aside constitutional merits. The SAC now expressly requests prospective official-capacity relief and disclaims damages against Morante. SAC ¶¶ 397, 422. Qualified immunity does not bar prospective injunctive relief. Hill v. Borough of Kutztown, 455 F.3d 225, 244 (3d Cir. 2006). Plaintiff must still plead a

federal violation, standing, an enforcement connection, and relief within Ex parte Young.

Morante's introductory description recognizes the prospective relief requested; her later argument disputes whether the claim actually qualifies. ECF No. 110 at 4, 14–16. Plaintiff does not treat that description as a concession of liability. The inquiry asks whether the pleading alleges an ongoing federal violation and properly prospective relief. Verizon Maryland Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 645–46 (2002).

Lingering consequences of completed conduct are insufficient. Merritts v. Richards, 62 F.4th 764, 772 (3d Cir. 2023); Papasan v. Allain, 478 U.S. 265, 277–78 (1986). The SAC instead alleges continuing administration, dissemination, and application of security information to Plaintiff's court participation without meaningful review. SAC ¶¶ 278–297, 386–397. The security detail, officer's description, and October 2025 restriction supply the alleged factual grounds for that inference. SAC ¶¶ 283–285. Plaintiff does not claim direct knowledge of an entry or author. Sufficiency depends on a reasonable inference of continuing application and future injury, not a historical incident alone.

Reputation alone does not establish procedural due process. Paul v. Davis, 424 U.S. 693, 701–12 (1976). Plaintiff relies on alleged burdens on protected

participation. Zoom access is relevant; a preference for physical attendance is not itself a constitutional entitlement. But remote access does not automatically resolve whether an independent administrative classification imposes constitutionally significant restrictions without review. If a protected interest is sufficiently alleged, process must account for that interest, error risk, and legitimate security needs. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

The requested remedy concerns notice of a designation presently applied to Plaintiff, disclosure sufficient for meaningful review, and an opportunity to contest materially inaccurate information affecting protected participation. It does not require unrestricted security disclosure or reversal of a state judge's ruling. The SAC attributes operational and corrective authority to Morante, rather than relying solely on rank. SAC ¶¶ 281–282, 386–397; Ex parte Young, 209 U.S. 123, 157–60 (1908).

Stockton University's April 12, 2023 forum page identifies Morante's security role and JSMART involvement. See https://stockton.edu/hughes-center/judge-safety.html. Plaintiff requests Rule 201 notice only of its existence and identifiable contents to the extent not reasonably disputable. This background does not prove a designation concerning Plaintiff or cure missing personal allegations. Count VIII should be assessed on the SAC even if the source is excluded. Any remedy

exceeding a viable claim can be narrowed to Plaintiff's injury and the responsible official's authority.

## VII. CONCLUSION AND ALTERNATIVE PARTIAL LEAVE

The source of each injury controls jurisdiction; the SAC's disclaimer of state-order reversal is not sufficient by itself. Independent conduct must be distinguished from an appeal of a state judgment. Great Western Mining, 615 F.3d at 166–72; SAC ¶¶ 1–13, 58–64, 298–301.

Plaintiff requests leave at ECF No. 105 or, alternatively, leave for Count IV against sufficiently pleaded officers and other independently viable claims. For curable defects, he requests focused leave to submit a revised proposed complaint and marked copy under Local Civil Rule 15.1, with identification of each deficient claim and defendant. Discovery cannot substitute for missing elements.

Respectfully submitted,

Christopher Peterson, Plaintiff, pro se

Address on file with the court

Dated: October 5, 2026

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

CHRISTOPHER PETERSON, Plaintiff,

v.

KAITLYN GROEZINGER, et al., Defendants.

Civil Action No. 2:25-cv-11801-MEF-AME

CERTIFICATE OF SERVICE

I certify that on October 5, 2026, I served a true and correct copy of Plaintiff's Consolidated Reply in Support of Motion for Leave to File Second Amended Complaint (ECF No. 105) by electronic mail upon all counsel of record at their email addresses appearing on the docket. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on October 5, 2026.

Christopher Peterson

Plaintiff, pro se

Address on file with the Court